George D. Ogden, J.
Donald E. Bell was found guilty, after a jury trial, of leaving the scene of a property-damage accident without reporting it as required by subdivision 5-a of section 70 of the Vehicle and Traffic Law of the State of New York. From such judgment of conviction defendant appealed, alleging, among other things, that certain errors took place during the trial which require a reversal of the judgment. If errors there were, they did not affect the substantial rights of the defendant, and are disregarded on this appeal (Code Crim. Pro., § 542).
The statute does not require that the accident happen, upon a public highway, but its mandate is directed to 11 any person operating a motor vehicle. ’ ’ In this case neither the information nor proof referred to an accident happening in or upon a public highway, but rather to an accident which occurred in a parking lot situated on Ridge Road West. The owner or operator of a car parked in a parking lot requires, and is entitled *579 to, the same protection as one who operates a motor vehicle upon a public highway. I find nothing in the statute under which this prosecution was had, which requires that the violation occur upon a public highway as distinguished from a privately-owned parking lot, and while the courts of this State apparently have not been called upon to interpret the meaning of the statute in question as to place, it is my opinion that it applies to privately-owned property as well as public highways within the State. (People v. Taylor, 111 N. Y. S. 2d 703.) This case deals with a violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, but, by analogy, the reasoning and statements of the court can very well be made a part of this decision. I hold, therefore, that the act, or acts, complained of constitute a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law.
Judgment of conviction affirmed. Submit order.